


**ORDERED in the Southern District of Florida on October 25, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:                                              Chapter 7

**YANET ALVAREZ**                                   Case No.: 10-45709-BKC-AJC

                Debtor    /

### MEMORANDUM DECISION AND ORDER SUSTAINING THE UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO DISMISS WITH PREJUDICE OR OTHERWISE ALLOW CONVERSION TO CHAPTER 13

THIS MATTER came before the Court on August 30, 2011, upon the *Debtor's Motion to Dismiss With Prejudice or Otherwise Allow Conversion to Chapter 13* (the "Motion") (DE 37), *Joel L. Tabas, Trustee's Response* thereof (DE 42), and the *United States Trustee's Objection* thereof (DE 43). The Court, having heard arguments from counsel, having been advised that the parties agree that the Motion presents only legal issues at this time, and having directed the parties to submit competing memoranda decisions on the issue of whether the Debtor's Motion should be granted, makes the following findings of fact and conclusions of law:

## FACTUAL AND PROCEDURAL BACKGROUND

1.  Defendant, Yanet Alvarez (the "Debtor") filed a voluntary petition under Chapter 7, title 11, of the United States Code on November 22, 2010. Soon thereafter, Joel Tabas was duly appointed Chapter 7 Trustee (the "Trustee").

2.  The Debtor received her discharge on March 7, 2011, by *Order Discharging Debtor* (DE 26).

3.  On April 17, 2011, representatives of the Trustee went to the Debtor's home to conduct an inspection of her personal property in an effort to reach an agreement as to the value of the over exempt value of the Debtor's scheduled personal property in order to enter into a Stipulation to repurchase her assets.

4.  During the inspection the Trustee's representatives discovered several pieces of jewelry which were not scheduled on Debtor's Schedule B or detailed in the Debtor's Jewelry Inventory.

5.  Upon turnover, the Trustee had the unscheduled jewelry appraised at a retail value of $25,000 and a liquidation value of $12,500.

6.  On April 26, 2011, the United States Trustee filed an adversary proceeding against the Debtor to revoke the Debtor's discharge pursuant to 11 U.S.C. § 727(d) (Adversary Case 11-01937) (the "Complaint"). The crux of the Complaint centers around the Debtor's concealment of the jewelry with the intent to defraud creditors. The Complaint seeks to revoke the Debtor's discharge as such was fraudulently obtained by making a false oath and concealing the jewelry.

7.  The Summons was Issued by this Court on April 28, 2011, and service of the Summons was executed on the same day. The Debtor's answer to the Complaint was due on or

about May 30, 2011.

    8.    On May 23, 2011, James Miller, Esq., entered an appearance on behalf of the Debtor.

    9.    The Debtor did not answer the Complaint by the deadline. On July 18, 2011, at the pretrial conference, Mr. Miller represented that an answer would be filed by July 27, 2011.

    10.    The Debtor did not answer the Complaint by the time represented to this Court.

    11.    On July 31, 2011, the Debtor filed the Motion seeking to have this Court dismiss or convert her case and the United States Trustee objected.

## ARGUMENT

    12.    The United States Trustee argues that the Debtor has not shown good cause for this Court to dismiss or convert her case. The United States Trustee argues that the Debtor is in bad faith seeking dismissal after the Complaint was filed in order to avoid defending the Complaint to revoke her discharge.

    13.    The United States Trustee also argues that the Debtor's fraudulent conduct in this case forfeits any right or privilege she may have had to dismiss or convert her case, and puts an end to any deference this Court would have extended to her. The United States Trustee argues that the Debtor's intentional failure to honestly account for her assets are grounds to deny the Debtor's Motion.

## LAW AND ANALYSIS

In a case of first impression in the Southern District, this Court relies on case law from competent jurisdictions interpreting Sections 707(a) and 706(a) of the Bankruptcy Code.

A.  **The Debtor Has Not Shown Cause For Dismissal Under 11 U.S.C. § 707(a)**.

Section 707(a)[1] of the Bankruptcy Code provides, in pertinent part:

> (a)  The court may dismiss a case under this chapter only after notice and a hearing and only *for cause*....
>
> (Emphasis added)

Although Section 707 does not specifically provide an avenue for debtors to voluntarily dismiss their bankruptcy cases, courts have applied Section 707(a) to debtor's voluntary dismissal motions. *See In re Kennedy*, 342 B.R. 848 (Bankr. M.D. Fla. 2005); *In re Turpen*, 244 B.R. 431 (8th Cir. BAP 2000); *In re Watkins*, 229 B.R. 907 (Bankr. N.D. Ill. 1999); *In re Schwartz*, 58 B.R. 923 (Bankr. S.D.N.Y. 1986); *In re Klein*, 39 B.R. 530 (Bankr. E.D. N.Y. 1984). "In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified." *Turpen*, 244 B.R. at 434; *see also In re Simmons*, 200 F.3d 738, 743 (11th Cir. 2000) (burden for showing "cause" is on the moving party).

Courts generally consider the following factors when ruling on a debtor's motion to dismiss:

> (1) whether all of the creditors have consented;
> **(2) *whether the debtor is acting in good faith***;
> (3) whether dismissal would result in an prejudicial delay in payment;
> (4) whether dismissal would result in a reordering of priorities;
> (5) whether there is another proceeding through which payment of claims can be handled; and
> **(6) *whether an objection to discharge, an objection to exemptions, or a preference claim is pending***.
>
> (Emphasis added)

*Turpen*, 244 B.R. at 434, citing *Watkins*, 229 R.R. at 909.

---

[1]  The Debtor's Motion does not specify the code section under which she seeks dismissal. The Court will presume that the Debtor is seeking relief pursuant to Section 707(a).

4

The United States Trustee argues that the Debtor has failed to demonstrate "cause" to justify the dismissal of her case. The Debtor only states that she "... has had serious issues and concerns relating to her counsel's representation of her interests since the filing of the Petition and the Section 341 meeting" and that she "... does not wish to go through this process ...." (Motion, ¶ 5). This Court does not find the Debtor's reasons to be sufficient cause for dismissal. In addition, the timing of the Debtor's Motion after the Complaint was filed indicates lock of good faith. Considering that an objection to the Debtor's discharge is pending, the Court does not find sufficient cause to dismiss this case.

B.  **Dismissal Is Not Appropriate If Debtor Has Engaged in Fraudulent Conduct.**

    1.  **Equitable Principles, Rather than Cause, Control a Court's Decision to Grant a Debtor's Motion for Voluntary Dismissal.**

Furthermore, "potential abuse must be guarded against." *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986). Courts have denied dismissal based on the equitable principal that once a debtor has submitted herself to the jurisdiction of this Court and availed herself of the protection of the Code, "[she] may not engage in questionable or fraudulent conduct and then freely dismiss her case once such conduct is discovered." *In re Jennings*, 31 B.R. 378 (Bankr. S.D.Ohio 1983).

In addition, dismissal of a case after it appears that the debtor has engaged in questionable conduct may indicate the likelihood of further questionable practices to the detriment of creditors. *See In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986). As other courts have held:

> It may be reasonably inferred from debtor's questionable behavior inside of bankruptcy that such conduct will persist in derogation of the creditor's rights in the event this court were to order the dismissal of debtor's petition.

*In re Klein*, 39 B.R. 530, 533 (Bankr. E.D.N.Y. 1984).

2. **Granting a Dismissal Would Thwart the Pending 727 Action and Antagonize the Spirit of the Bankruptcy Code.**

The United States Trustee filed a complaint seeking to revoke the Debtor's discharge alleging the Debtor has engaged in questionable and fraudulent conduct that does not entitle her to receive a discharge. A pending objection to discharge is a factor to be considered in deciding whether a dismissal is appropriate. *Turpen*, 244 B.R. at 434. The Debtor did not seek dismissal of her bankruptcy case until the United States Trustee filed his Complaint. The Court infers the Debtor may, in bad faith, be seeking dismissal to prevent the United States Trustee from proceeding against the Debtor in the adversary, rather than seeking dismissal of the adversary on the merits.

Dismissing this bankruptcy case when there are pending allegations of wrongdoing may erroneously give the message that the Bankruptcy Code condones questionable practices to the detriment of creditors when such a result was not contemplated by the Bankruptcy Code. Section 727(d) is the avenue to address and, redress, factual situations such as the Debtor's, and dismissal of this case when there is a pending 727(d) action would effectively render Section 727(d) irrelevant and inapplicable.

II. **Debtor's Conduct Forfeits Right to Convert.**

Section 706(a)[2] of the Bankruptcy Code provides, in pertinent part:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title *at any time* ....
>
> (Emphasis added)

The Supreme Court addressed Section 706(a) and a debtor's right to convert from chapter

---

[2] The Debtor's Motion does not specify the code section under which she seeks conversion. Thus, the Court will analyze the request pursuant to 11 U.S.C. §706(a).

7 to chapter 13 in the case of *Marrama v. Citizens Bank*, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007). The Court held that a debtor's right to convert a chapter 7 case to chapter 13 is not absolute and in doing so, focused on Section 706(d) of the Bankruptcy Code, which provides, in pertinent part:

> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title ***unless the Debtor may be a debtor under such chapter***.

(Emphasis added)

The Court in *Marrama* reasoned that a debtor who in bad faith had concealed significant assets, and was therefore subject to immediate dismissal under Section 1307(c) for "cause", "does not qualify as a debtor under chapter 13", and therefore did not have the right to convert to chapter 13. *Id*. at 1110. The Supreme Court held that Section 706(d), in conjunction with Section 1307(c) provided sufficient authority to deny the debtor's motion to convert. *Id*. at 1110-1111.

The Middle District of Florida has followed *Marrama* in holding that bad faith conduct may cause a forfeiture of any right to proceed with a Chapter 13 case. *See In re Mercado*, 376 B.R. 340, 346 (Bankr. M.D. Fla. 2007). The Court in *Mercado* found that the debtors had engaged in "misleading" and "atypical" conduct prior to converting their case by making misleading statements on their schedules and failing to disclose assets, and vacated their conversion.[3] *Id*. at 348.

Similar to the debtors in both *Marrama* and *Mercado*, this Debtor is alleged to have engaged in misleading and fraudulent conduct which, following the reasoning in *Marrama,* forfeits Debtor's

---

[3] The Court in *Mercado* determined that the debtors had "regular income" pursuant to Section 109(e) to qualify as chapter 13 debtors, nevertheless, vacated conversion based on the debtor's bad-faith conduct following *Marrama*. The Debtor in the instant case does not have "regular income" to qualify to be a chapter 13 debtor. Her schedules do not show she has any disposable income to fund a chapter 13 plan. *See Mercado*, 376 B.R. at 344.

right to convert to a Chapter 13 case. A determination of whether "bad faith" exists is a prerequisite for conversion under the circumstances herein. Such bad faith will be determined in the adversary proceeding. For the foregoing reasons, it is

      **ORDERED AND ADJUDGED**

      1.      The Objection of the United States Trustee is **SUSTAINED**.

      2.      The Debtor's Motion to Dismiss or Convert is **DENIED**.

      3.      Adversary Case 11-01937-BKC-AJC-A, which was previously abated by order of this Court dated September 6, 2011 [DE 9 in Adv. No. 11-01937], shall be re-activated and re-set for Pretrial, with all deadlines flowing therefrom to be reset and continued to coincide with the newly set Pretrial date.

      ###

Submitted by:

Johanna P. Armengol, Trial Attorney
Office of the United States Trustee
51 S.W. First Avenue, Suite 1204
Miami, Florida  33130
Telephone (305) 536-7285
Facsimile  (305) 536-7360
johanna.armengol@usdoj.gov


xc:
James Miller, Esq.
Joel L. Tabas, Trustee
**ALL CREDITORS AND PARTIES IN INTEREST (BY CLERK'S OFFICE)**